[No. 22331. Department One. January 15, 1930.]

THE STATE OF WASHINGTON, *on the Relation of J. L. Hardy et al., Plaintiffs,* v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

*Charles H. Law,* for relators.

*Bell, McNeil & Bowles,* for respondents.

[1]Reported in 284 Pac. 93.

MILLARD, J.—Edward Berlin and wife own four lots located at the southeast corner of east Eighty-fifth street and Thirty-second avenue northeast in the city of Seattle. Under the provisions of the 1923 general zoning ordinance of the city of Seattle, that property was placed in the classification and designated as a first residence district. By amendatory ordinance passed November 12, 1929, and effective December 21, 1929, the property of the Berlins was changed to the classification known as business district. On December 23, 1929, the city council enacted an ordinance, which becomes effective January 25, 1930, restoring the Berlin property to the residential classification.

H. H. Werrback and others located in the vicinity of the Berlin lots sought, by amended complaint filed December 23, 1929, a restraining order enjoining the superintendent of the department of buildings of the city of Seattle from issuing to the Berlins a permit for the erection of any building, other than for residential purposes, upon the Berlin land. The plaintiffs alleged that the action of the city council in passing the amendatory ordinance of November 12, 1929, changing the classification of the Berlin property from the first residence district to a business district was an arbitrary and unreasonable application of the zoning ordinance.

To the complaint, the defendants interposed a demurrer, also a motion to dismiss, both of which were overruled, and an order was entered restraining the issuance of a business building permit to the Berlins until the case was tried upon the merits. The defendants thereupon, alleging the inadequacy of the remedy of appeal, in that the ordinance of December 23, 1929, would become effective prior to hearing of the appeal and thus divest them of their right to a permit under the November, 1929, ordinance, ap-

plied to this court for a writ of certiorari, which was issued. The plaintiffs have made return to the writ and present a transcript of the record, consisting of the pleadings and affidavits, made in the court below.

The Berlin property consists of four lots. By the terms of the 1923 zoning ordinance, that property was classified as being in the first residence district and its use was restricted to residential purposes. The respondents and others, relying on such classification, have built and occupy residences in that district in the vicinity of the relators' property. The classification of the Berlin property as residential continued until December 21, 1929, when the ordinance passed by the city council November, 1929, changing the Berlin property classification from residential to business property, became effective. December 23, 1929, the city council passed another ordinance whereby the Berlin property was placed in the residential classification. This last ordinance does not become effective until January 25, 1930.

The relators contemplate erection of a business building on their land notwithstanding the enactment of the December 23, 1929, ordinance (which does not become effective until January 25, 1930) restricting the use of such property to residential purposes. The relators insist that they are entitled, under the existing ordinance of November, 1929, to a business building permit; that the December, 1929, ordinance is not now in effect and does not operate to suspend or repeal the November ordinance.

There is no question as to the correctness of the procedure followed to place the matter before this court for determination. The relators have the right of appeal from the order granting the temporary injunction.

"Any party aggrieved may appeal to the supreme

court . . . (3) From an order granting . . . a motion for a temporary injunction heard upon notice to the adverse party . . ." Rem. Comp. Stat., § 1716, subd. 3.

Plainly, if the November, 1929, ordinance is not invalid, the relators' remedy is inadequate as the cause on appeal could not be decided prior to the taking effect of the December, 1929, ordinance, which would deprive the relators of the right to a business building permit.

No question is raised as to the validity of the zoning ordinance enacted by the city of Seattle in 1923. That cities have the right to establish zoning districts, is not an open question. *State ex rel. Seattle Title Trust Co. v. Roberge,* 144 Wash. 74, 256 Pac. 781; *Euclid v. Ambler Realty Co.,* 272 U. S. 365, 71 L. Ed. 303.

Basing the issuance of the temporary restraining order upon the ground that the November, 1929, ordinance was invalid, the trial court stated:

"A change in the original classification of the use of property should be made by the council only after fair, careful and honest consideration. The members of the council should not be influenced by the over-persuasion of interested friends, by desire to benefit the property owner through increased return from the property, nor by any other thing than their honest belief that to do so is best for the general welfare of the people. There are two admitted facts that cause me to believe that the ordinance enacted in November, changing the classification of defendants' property from residence to business property, is invalid because it is arbitrary and unreasonable. One is that the area of the property the classification of which is changed is so small that it is hard to conceive such change will benefit the people generally. The other is that the city council, within such a short time after the November ordinance became effective, changed the classification of the property back to residence prop-

erty. Either the November ordinance or the last ordinance must not have been properly considered by the council before the enactment thereof. The ordinance enacted last classifies the said property as residential property, which is the original classification, and I am of the opinion that it is the valid ordinance.

"I will further hold that the city council and mayor, having enacted a valid ordinance, reclassifying said property as residential property, which will become effective the latter part of the coming month, the city has the right to refuse to grant a permit to defendants to erect a business building on their property for the reason that if such permit were granted then the purpose of such ordinance would be defeated."

In *State ex rel. Atkinson v. Northern Pacific R. Co.*, 53 Wash. 673, 102 Pac. 876, 17 Ann. Cas. 1013, we held that:

"The general rule is that a statute speaks from the time it goes into effect, whether that time be the day of its enactment or some future day to which the power enacting the statute has postponed the time of its taking effect."

A statute speaks from the time it goes into operation and not from the time of passage.

"A statute passed to take effect at a future day must be understood as speaking from the time it goes into operation and not from the time of passage. . . . Before that time no rights may be acquired under it, and no one is bound to regulate his conduct according to its terms; . . ." 26 Am. & Eng. Encyc. Law (2d ed.) p. 565.

The rule in this respect is also applicable to ordinances of municipal corporations. The ordinance passed December 23, 1929, speaks from the time it goes into operation, January 25, 1930. That ordinance does not suspend the ordinance passed in November, 1929, though the November ordinance will be repealed thereby January 25, 1930. *State v. Paul,* 87 Wash. 83, 151 Pac. 114. Prior to January 25, 1930, no rights may

be acquired under the last ordinance, which was passed by the council December 23, 1929, nor is that ordinance operative before that date to divest the relators of such rights as they may have under the terms of the November ordinance.

■ The decisive question is whether the ordinance passed in November, 1929, was valid. Two reasons are assigned by the trial court for its decision that the ordinance is invalid.

"One is that the area of the property the classification of which is changed is so small that it is hard to conceive such change will benefit the people generally. The other is that the city council, within such a short time after the November ordinance became effective, changed the classification of the property back to residence property."

The only facts before us from which we may conclude that the ordinance is arbitrary and unreasonable are that the area affected is small, and that, within two days subsequent to the taking effect of that ordinance another ordinance was passed restoring the area to the residence district.

There is no showing that property across the street from the Berlin property was or was not business property. We may not assume that the council was improperly influenced to amend the general zoning ordinance of 1923 to benefit certain property owners. Nor will we speculate as to the motive of the council in passing the repeal ordinance of December, 1929. We may not inquire what induced the council to omit this area from the business district in 1923, place it in the business district in November, 1929, and in December, 1929, pass an ordinance restoring the property to the residence district January 25, 1930.

An ordinance cannot be held invalid on any other ground than its illegality. Whether a valid ordinance

is unwise or impolitic, are questions addressed solely to the municipal legislative body. There is no showing that the subject-matter of the legislation is not within the powers of the city of Seattle.

"If an ordinance relates to a subject-matter within the competency of the municipal corporation and is enacted in the manner prescribed, the general rule is that the courts will not interfere unless it appears on its face that it is arbitrary, oppressive, or impairs some vested right or contravenes some constitutional provision. This is in accordance with the general doctrine everywhere supported that the necessity, propriety or wisdom of the enactment is in the first instance with the municipal authorities, to which great deference is always given by the courts. From this settled doctrine the legal presumption arises that the ordinance is valid and reasonable until the contrary is distinctly shown. However, where the objection to the validity is based on the ground that no power existed to pass the ordinance there is no presumption of its validity. But in the absence of an affirmative showing to the contrary, it will be presumed that the mandatory provisions of the law were duly observed, in substance at least, in its enactment. And if there is no evidence to the contrary the existence of facts necessary to sustain an ordinance will be presumed. Therefore, where the ordinance is within the corporate powers, was passed in good faith, is fair on its face and no fraud appears, the action of the municipal legislative body is conclusive upon the courts, not only in collateral but also in direct proceedings. It is only where the ordinance is so unreasonable, oppressive and subversive of individual and property rights that it carries the inference of an attempted abuse rather than a legitimate exercise of power that the courts will interfere." McQuillin on Municipal Corporations (2d ed.), § 840.

"Considerable latitude in the exercise of discretionary power must be left to the municipal authorities. Their action within the limits of their power must be very clearly shown to be unreasonable before it will be nullified by the courts. Where general power exists

to enact the ordinance in question, its mere passage makes out a prima facie case for its reasonableness. When the courts are called upon to exercise the judicial power in declaring an ordinance unreasonable, they will make such a declaration only when the prima facie case made by the passage of the ordinance is overcome in the most satisfactory manner." McQuillin on Municipal Corporations (2d ed.), § 768.

"In passing upon the reasonableness of an ordinance the good faith or motives of the legislative body are not matters of judicial inquiry." McQuillin on Municipal Corporations (2d ed.), § 769.

*Dornberg v. Spokane,* 125 Wash. 72, 215 Pac. 518, 31 A. L. R. 295, cited by respondents, is in harmony with the foregoing. In that case we held no more than that the courts would not hesitate to declare an ordinance invalid if it appeared from the testimony or upon the face of the ordinance that the ordinance was clearly unreasonable.

*Spector v. Building Inspector of Milton,* 250 Mass. 63, 145 N. E. 265, is also cited by respondents. That case is not applicable. In that case the building inspector purposely held up application for building permit to await town meeting at which zoning ordinance was enacted. When the applicant filed petition for mandamus to compel issuance of the permit, the zoning ordinance was effective. The court held that the building inspector could not be required to issue the building permit, inasmuch as, at the time of filing of petition for mandamus, it was unlawful for the inspector to issue the permit.

In *Miller v. Board of Public Works of Los Angeles,* 195 Cal. 477, 234 Pac. 381, the petitioner sought, by mandamus, to compel the board of public works to issue to him a permit to erect a four-family flat dwelling. That action was instituted September 1, 1921. Five days later, September 6, 1921, the city council passed

an emergency ordinance declaring it to be unlawful for anyone to erect within the residence zone created any building to be used for housing more than two families together. That authority does not support respondents' position. Five days subsequent to the petition for writ of mandamus, a comprehensive zoning plan ordinance was passed and went into effect. Subsequent thereto, the appeal from the refusal to grant the writ of mandamus was taken. The court held that the general zoning plan ordinance was valid and had gone into effect; that, though the details had not been worked out, that did not detract from the validity of the ordinance upon the theory that there could be no assurance that the contemplated zoning plan would ultimately be enforced by a later ordinance. There the petitioner was confronted by a valid ordinance in effect at the time his appeal was heard. The facts of that case clearly distinguish it from the case at bar.

The cause is remanded with instructions to the superior court to sustain the demurrer and vacate the temporary injunction.

MITCHELL, C. J., PARKER, and TOLMAN, JJ., concur.

BEALS, J., concurs in the result.