[No. 32851. *En Banc.* November 4, 1954.]

THE STATE OF WASHINGTON, *on the Relation of C. M. Ogden, Appellant,* v. THE CITY OF BELLEVUE *et al., Respondents.*

JOHN L. HAGEN *et al., Appellants,* v. THE CITY OF BELLEVUE *et al., Respondents.*

C. M. OGDEN, *Appellant,* v. THE CITY OF BELLEVUE *et al., Respondents.*[1]

[1] Reported in 275 P. (2d) 899.

*Peyser, Cartano, Botzer & Chapman* and *Robert A. O'Neill*, for appellants.

*Hall, Cole & Lawrence* and *Melvin Buol*, for respondents.

MALLERY, J.—Appellant, plaintiff below, wanted a site for a fruit and produce market. He found and bought a suitable location in King county on the east side of secondary state highway 2-A, which ran to Kirkland in a north-south direction through the unincorporated town of Bellevue. The property runs two hundred feet along the highway and is one hundred fifty feet deep. The easterly seventy-five feet was zoned B-1 (business), and the westerly seventy-five feet as A-1 (agriculture).

Bellevue was incorporated as a city of the third class shortly after appellant bought the property. It immediately created a planning commission and adopted the existing King county land use zoning ordinance.

Appellant made formal application for a permit to construct a combination residence and business building on the portion of his land zoned as B-1 (business). The application was denied upon the ground that he had not made any provision for off-street business parking as required by section 19A, subd. 9, of the city ordinance, which reads:

*"Building Permits.* Before the granting of a building permit for any new building or structure, or for any enlargement thereof, or change of use in any building hereafter constructed involved in any of the aforementioned uses, the applicant for said building permit shall present evidence in writing that arrangements have been made to provide off-street parking to be zoned B-P (Business Parking) in accordance with the above provisions, or that the required amount of parking facilities classified as a business parking area on the County zoning maps has been provided by a satisfactory written contract, or present evidence of participation in an association which is providing adequate public off-street parking so classified."

The ordinance fixes the following standards for a parking facility. It must be within one thousand feet of the front

entrance to the building; it must provide one parking space of two hundred square feet for every four hundred square feet of gross floor area of business buildings between two thousand and five thousand square feet in size; and it must have access from a public thoroughfare.

Appellant proceeded to cure the deficiency pointed out by respondents in refusing his permit, by leasing a tract of land zoned as B-1 (business) to the north of and contiguous with his building site for the required off-street business parking facility.

The respondents exercised their discretion as to the desirability of this tract for off-street business parking notwithstanding it met the requirements of the ordinance, and objected to it upon the grounds that off-street business parking did not represent the highest and best use to which it could be put, and that such use of it would be bad city planning. Respondent then refused to issue the building permit because appellant did not have an *approved* off-street business parking facility. Thereupon, appellant sought a writ of mandate compelling the issuance of the building permit.

The respondents countermoved by attempting to rezone the tract proposed for off-street business parking from B-1 (business) to A-1 (agriculture). Appellant forthwith brought an action to enjoin this rezoning action from taking effect.

Appellant then reapplied for a building permit, and proposed to satisfy the off-street business parking requirements by using a tract of his own land of the proper size within one thousand feet of the entrance of the proposed building, which was zoned as B-1 (business). Again the respondents exercised their discretion and rejected his application upon the same ground as before. In the council meeting that same evening, the respondents attempted to rezone to A-1 (agriculture) all of the land of the appellant then zoned as B-1 (business). Appellant thereupon sought another injunction against the second attempted rezoning ordinance.

The mandamus action was amended and consolidated with

the two injunction actions for trial. An appeal was taken from the judgments that denied the writ of mandamus and dissolved the restraining orders.

Appellant paid about fifteen thousand dollars for his property, which was worth that amount as business property but is not worth over four thousand dollars for residential use. He spent about two thousand dollars on the property for grading, drainage, and installation of septic tanks.

The respondents did not and do not assert that the tracts of land proposed by appellant for off-street business parking, do not meet the standards of the ordinance. Instead, they contend for the right to exercise discretion in approving the sites for the off-street business parking facilities. This is tantamount to administering the entire zoning ordinance upon a discretionary basis, since off-street business parking must be provided as a prerequisite to the issuance of every business building permit.

 A property owner has a vested right to use his property under the terms of the zoning ordinance applicable thereto. *State ex rel. Hardy v. Superior Court,* 155 Wash. 244, 284 Pac. 93. A building or use permit must issue as a matter of right upon compliance with the ordinance. 9 Am. Jur. 203, § 7. The discretion permissible in zoning matters is that which is exercised in *adopting* the zone classifications with the terms, standards, and requirements pertinent thereto, all of which must be by general ordinance applicable to all persons alike. The acts of administering a zoning ordinance do not go back to the questions of policy and discretion which were settled at the time of the adoption of the ordinance. Administrative authorities are properly concerned with questions of compliance with the ordinance, not with its wisdom. To subject individuals to questions of policy in administrative matters would be unconstitutional. Art. I, § 12, of the constitution of the state of Washington, provides:

"No law shall be passed granting to any citizen, class of citizens, or corporation other than municipal, privileges or immunities which upon the same terms shall not equally belong to all citizens, or corporations."

 We are able to say from the record, under this view of the law, that appellant proposed suitable land for the required off-street business parking. An owner of property has a vested right to put it to a permissible use as provided for by prevailing zoning ordinances. The right accrues at the time an application for a building permit is made. *State ex rel. Hardy v. Superior Court, supra.* The moves and countermoves of the parties hereto by way of passing ordinances and bringing actions for injunctions, should and did avail the parties nothing. A zoning ordinance is not retroactive so as to affect rights that have already vested. *State ex rel. Hardy v. Superior Court, supra.*

This is not a nuisance action, and nuisance is not in issue. We are not concerned with the discretion used in passing the ordinance nor arguments for or against its wisdom. The desirability and/or power of changing the zoning in Bellevue prospectively, is not before us. The appellant's right vested when he made application for his permit, and the respondents were required to issue the permit upon his compliance with the standards of the ordinance.

The judgments are reversed. The writ of mandate will issue.

GRADY, C. J., SCHWELLENBACH, DONWORTH, WEAVER, and OLSON, JJ., concur.

HILL, J., concurs in the result.

HAMLEY, J. (concurring)—I concur in the conclusion (but not in all of the views expressed) that appellant is entitled to receive a permit to construct a combination residence and business building as applied for, and is entitled to have either the adjacent leased tract or the designated portion of his own B-1 property zoned or otherwise certified for business parking.

This calls for reversal of the judgment in the first of the three suits here under review (King county cause No. 462113) and for issuance of the writ there prayed for. The majority opinion, however, also has the effect of reversing the judgments for respondents entered in the other two

causes (King county causes Nos. 462153 and 462760), in which appellant seeks to restrain the placing in effect of ordinances rezoning to A-1 his own B-1 property and the adjacent leased B-1 property.

This, too, may be warranted, in view of the fact that these rezoning proceedings were instituted in an attempt to deprive appellant of the business building permit. But I think it ought to be noted, and I take this means of doing so, that the reversal of the judgments in these last two cases should not be taken as *res judicata* as to the city's right, at some future time, to rezone these B-1 tracts to some more limited classification, provided the city recognizes appellant's right to continue, as a nonconforming use, whatever business is then being carried on in the structure then existing.

FINLEY, J., concurs with HAMLEY, J.

