Leon M. TORBETT et ux., Plaintiffs-Appellees,

v.

Gordon ANDERSON et ux., Defendants-Appellants.

Court of Appeals of Tennessee, Eastern Section.

Feb. 14, 1978.

Certiorari Denied by Supreme Court April 24, 1978.

Edwin C. Harris, Sweetwater, for defendants-appellants.

Gene Worthington, Madisonville, for plaintiffs-appellees.

OPINION

GODDARD, Judge.

A single determinative question is presented by this appeal. Do Leon M. Tor-

bett and wife Ella G. Torbett, Plaintiffs-Appellees, have standing to enjoin Gordon Anderson and wife Sarah P. Anderson, Defendants-Appellants, from violating the zoning ordinances of the City of Madisonville? Or, to put the question more specifically, must it be said as a matter of law that the Plaintiffs, whose commercially zoned property is utilized as their residence, are not specially damaged by Defendants' commercial use of their residentially zoned property?

The facts, which we suspect have not been fully preserved because presented by a narrative bill of exceptions, are for the most part not in dispute. The Plaintiffs own property lying between U.S. Highway 411 and Old Niles Ferry Road. They occupy a dwelling fronting on Old Niles Ferry, and in the same block but to the rear of their residence Mr. Torbett operates an automobile garage fronting on U.S. Highway 411.

The Defendants' property is located approximately 100 yards diagonally across Old Niles Ferry Road from Plaintiffs' property. Plaintiffs' property is zoned commercial, although its use as a residence is permitted and, as a matter of fact, property fronting on Old Niles Ferry is principally residential. Defendants' property is zoned residential and commercial use is prohibited. Approximately six months before these proceedings were filed Mr. Anderson began operating an automobile body repair shop on his property which, under the undisputed proof, depreciated the value of Plaintiffs' residence. After Plaintiffs were unsuccessful in persuading the city officials of Madisonville to enforce the zoning ordinance, they themselves filed the present suit.

Both the state statute and the ordinance of the City of Madisonville provide remedies for violation of the zoning regulations, as well as define those parties entitled to seek redress. The provisions of T.C.A. 13–708, as it relates to an individual's right to maintain an action, hereinafter set out, is, with one exception, identical to that of the ordinance:

13–708. Enforcement of ordinances—Remedies.—The chief legislative body may provide for the enforcement of any ordinance enacted under this chapter. A violation of any such ordinance is hereby declared to be a misdemeanor. In case any building or structure is or is proposed to be erected, constructed, reconstructed, altered, converted or maintained, or any building, structure or land is or is proposed to be used in violation of any ordinance enacted under this chapter, the building commissioner, municipal counsel or other appropriate authority of the municipality, or any adjacent or neighboring property owner who would be specially damaged by such violation, may, in addition to other remedies, institute injunction, mandamus or other appropriate action or proceeding to prevent such unlawful erection, construction, reconstruction, alteration, conversion, maintenance or use, or to correct or abate such violation, or to prevent the occupancy of said building, structure or land.

The one exception is that the ordinance uses the words, in referring to neighboring property owner, "specifically damaged," rather than "specially damaged." This difference, however, is of no significance, because in our view the words mean the same and may be used interchangeably.

From the foregoing it is clear that (1) the Plaintiffs are neighboring landowners, and (2) their property has been depreciated in value by reason of the activities of the Defendants. Although we find no case law in this jurisdiction, a number of other states have found depreciation in value to be a special damage. *Irland v. Barron*, 230 So.2d 880 (La.App.1970); *Aughtry v. Farrell*, 237 S.C. 604, 118 S.E.2d 569 (1961); *Hull v. Hunt*, 53 Wash.2d 125, 331 P.2d 856 (1958).

Notwithstanding the fact that the Plaintiffs have met the literal requirements of the statute and ordinance, counsel for the Defendants still contends that they should not prevail. He insists that this Court should find that Plaintiffs have not been specially damaged as a matter of law, and that to allow them to enjoin Defendants

under the circumstances of this case would be unjust because a repair shop similar to the Defendants' could be lawfully operated on either side of Plaintiffs' property.

Counsel's argument is not without logical appeal. However, if such a further limitation is to be made—that a neighboring landowner is not entitled to complain of an offending activity which is permissible on his own property—it should be made by legislative bodies and not by the courts. Further, it would seem to us that under the facts of this case the Plaintiffs are entitled to enjoy their residential property on a residential street, though subject perhaps in the future to commercial use on either side, without also having its value further depreciated by an unlawful commercial use across the street.

We accordingly conclude that Plaintiffs have standing to sue, overrule the assignments of error, and remand the case to the Chancery Court for Monroe County for enforcement of its orders. The costs are adjudged against the Defendants and their surety.

PARROTT, P. J. (E. S.), and SANDERS, J., concur.