[No. 28027-9-I.   Division One.   December 30, 1991.]

FRIENDS OF THE LAW, ET AL, *Appellants*, v. KING COUNTY, ET AL, *Respondents*.

*J. Richard Aramburu* and *Jeffrey M. Eustis,* for appellants.

*Norm Maleng, Prosecuting Attorney,* and *Charles Maduell* and *Ann Schindler, Deputies; Glenn J. Amster* and *Hillis Clark Martin & Peterson; Robert D. Johns* and *Reed McClure,* for respondents.

PEKELIS, J. — Friends of the Law and Bare Grass Roots (appellants) appeal a trial court order on a writ of certiorari affirming the King County Council's approval of General Western Corporation's (GWC) preliminary plat application. Appellants contend that the plat application was incomplete at the time the property was downzoned and, thus, was not vested under RCW 58.17.033. We affirm.

I

On November 22, 1988, GWC filed an application with the King County Building and Land Development Division (BALD) for preliminary plat approval of a subdivision known as Lake of the Woods East (LWE). The proposed project is located in the Bear Creek area of King County.

At the time the LWE application was submitted the property was zoned "G" (General), which permitted development at a density of approximately one dwelling unit per acre. The proposed LWE subdivision satisfied this requirement.

On December 19 the Council placed a moratorium on the subdivision of land in Bear Creek pending an update of the

community plan and area zoning regulations. In response to an inquiry from GWC's attorney, BALD advised GWC that the LWE plat application was considered vested under the G zoning in effect at the time of the November 22 filing.

On January 30, 1989, the Council adopted the revised Bear Creek Community plan. Under the amended plan, the area encompassing the LWE project was downzoned from G to AR-5, which required a minimum density of one unit per 5 acres.

On January 4, 1990, a county hearing examiner recommended that the Council deny the LWE preliminary plat application because the plat did not comply with the AR-5 zoning designation. The examiner rejected BALD's and GWC's position that the plat application satisfied the requirements of RCW 58.17.033, which would have allowed it to vest under the G zoning. This statute provides in part:

> (1) A proposed division of land, as defined in RCW 58.17.020, shall be considered under the subdivision or short subdivision ordinance, and zoning or other land use control ordinances, in effect on the land at the time *a fully completed application* for preliminary plat approval of the subdivision, or short plat approval of the short subdivision, has been submitted to the appropriate county, city, or town official.
>
> (2) The requirements for a fully completed application *shall be defined by local ordinance.*

(Italics ours.) The examiner concluded that the failure to submit road and drainage plans and profiles as required by former KCC 19.28.010 rendered the application incomplete for purposes of vesting under RCW 58.17.033. Former KCC 19.28.010 reads in part:

> Documents and procedure for filing. Six prints of a preliminary plat of the proposed subdivision *shall* be submitted to the building and land development division, *accompanied by three copies of a drainage plan, profile and section print, of all roads or streets within the subdivision to be dedicated as public highways.*
>
> . . . .
>
> B. A typical plan, profile and section print . . . is on file in the county engineer's office. This typical plan covers the general requirements of King County for proposed subdivision streets, and a plan similar to this must be prepared at a

reasonable convenient scale on a standard sheet . . . for all streets or roads to be dedicated as public highways within a subdivision. . . . *These prints shall be officially filed with the executive officer of the department of parks, planning and resources on or before the fourth Wednesday of the month preceding the next regular meeting of the department to receive action thereon at that meeting.*

(Italics ours.)

In his written findings, the hearing examiner acknowledged that BALD had a long-standing practice of not requiring the submission of drainage plans and profiles until final plat approval, stating:

> The preparation of plans and profiles requires detailed and costly engineering, which must be based on a specific road alignment, improvement requirements and lot layout. As a general rule, all of these factors undergo change during the process of preliminary plat review, and plans and profiles based on a prior proposal would have little, if any value.

Nonetheless, the examiner reasoned that BALD's administrative practices could not be used to abrogate the unambiguous requirements of the ordinance.

On January 20 the Council held a public hearing on the LWE project at which GWC and the County joined in opposing the hearing examiner's recommendation. The Council reversed the examiner, unanimously determining that the requirements of former KCC 19.28.010 were not applicable at the preliminary plat stage for purposes of vesting.

The appellants subsequently filed an application for a writ of certiorari in superior court. The court affirmed the Council's decision and denied appellants' motion for reconsideration. This timely appeal follows.

## II

The appellants contend that the Council's grant of preliminary plat approval violates the vested rights statute, RCW 58.17.033. This contention is based on the argument that because GWC failed to submit copies of a drainage plan for all subdivision roads pursuant to former KCC 19.28.010, the LWE application is not "fully complete" within the meaning of RCW 58.17.033(1).

STANDARD OF REVIEW

In general, appellate review of a County's approval of a preliminary plat application is governed by RCW 58.17.180, which states in pertinent part:

> Any decision approving . . . any plat shall be reviewable for *unlawful, arbitrary, capricious* or corrupt action or non-action . . ..

(Italics ours.)

■ ■ The appellants argue that because this case involves legal questions of statutory interpretation, the decision of the Council should be reviewed de novo. However, there is no question of statutory interpretation in this case. The statute, RCW 58.17.033, is unambiguous. It specifically bestows on local government the task of determining the requirements for a fully completed plat application. Here, the Council determined that compliance with the drainage plan provisions of former KCC 19.28.010 was not a part of the County's requirements for vesting under the statute. It is axiomatic that courts give considerable deference to the construction of ordinances by those officials charged with their enforcement. *See Balser Invs. v. Snohomish Cy.*, 59 Wn. App. 29, 37, 795 P.2d 753 (1990) (citing *Mall, Inc. v. Seattle*, 108 Wn.2d 369, 377-78, 739 P.2d 668 (1987)). Accordingly, we review the Council's decision under the arbitrary or capricious standard.

VESTED RIGHTS

Washington has adhered to the vested rights doctrine since the Supreme Court case of *State ex rel. Ogden v. Bellevue*, 45 Wn.2d 492, 275 P.2d 899 (1954). The doctrine provides that developers who file a timely and complete building permit application obtain a vested right to have their application processed according to the zoning and building ordinances in effect at the time of the application. *West Main Assocs. v. Bellevue*, 106 Wn.2d 47, 720 P.2d 782 (1986); *Hull v. Hunt*, 53 Wn.2d 125, 331 P.2d 856 (1958).

Although held applicable to building permits, conditional use permits, grading permits, and substantial development permits, Washington courts have not extended the common

law doctrine to applications for preliminary plat approval. *See Norco Constr., Inc. v. King Cy.*, 97 Wn.2d 680, 684, 649 P.2d 103 (1982).

In 1987, however, the Legislature enacted a statutory vested rights rule for subdivision plats, RCW 58.17.033. Under this statute, a proposed subdivision shall be considered under the zoning and other land-use control ordinances in effect "at the time a fully completed application for preliminary plat approval" has been submitted. RCW 58.17.033(1). The Legislature left for local government to define by ordinance the requirements for a "fully completed" application. RCW 58.17.033(2).

■ In this case, at the time the LWE plat application was submitted in November 1988, King County had not adopted an ordinance defining a "fully completed" application. Nonetheless, the County did have ordinances in effect outlining the requirements for a preliminary plat application. *See generally* KCC 19.28. The sole issue here is whether in November 1988 the submittal of a drainage plan and profile pursuant to former KCC 19.28.010 constituted one of these requirements.[1] We hold that it did not.

Although the first sentence of former KCC 19.28.010 states that drainage plans are to accompany the preliminary plat prints submitted to BALD, subsection (B) requires that the plans and profiles be submitted not at the time of application, but on the fourth Wednesday of the month

---

[1] We are mindful that appellants also assert that GWC's application was incomplete because it failed to depict building setback lines as stated in KCC 19.28.030(C)(4). However, an exhaustive review of the record before us demonstrates that this issue was not raised before the Council. Failure to raise issues during the course of an administrative hearing precludes the consideration of such issues on review. *Griffin v. Department of Social & Health Servs.*, 91 Wn.2d 616, 631, 590 P.2d 816 (1979); *see also Wahler v. Department of Social & Health Servs.*, 20 Wn. App. 571, 576, 582 P.2d 534 (1978) (reviewing court cannot pass upon issues not actually decided by the administrative agency). The fact that compliance with KCC 19.28.030 was briefed and argued before the trial court does not entitle appellant to consideration of this issue on appeal. It is the decision of the Council, not the trial court, that is under review. *Maranatha Mining, Inc. v. Pierce Cy.*, 59 Wn. App. 795, 799 n.5, 801 P.2d 985 (1990); *Balser Invs. v. Snohomish Cy.*, 59 Wn. App. at 36.

preceding the "next regular meeting of the department to receive action thereon at that meeting." If such plans are not required until after the application has been submitted and a meeting date scheduled, it follows that the filing of drainage plans cannot be a requirement for a complete application at the preliminary plat stage.

Furthermore, it is undisputed that drainage plans had not been required at the preliminary plat stage by BALD for over 20 years. This long-standing interpretation by the agency charged with enforcing former KCC 19.28.010 is reasonable and merits great deference. As the hearing examiner found, proposed road alignments and lot configurations are commonly revised during the application review process. Requiring a developer's plat application to be accompanied by drainage plans would be impractical and useless.

Finally, when the County in August 1990 did adopt an ordinance defining a "fully complete" preliminary plat application, not only was the requirement for drainage plans described in former KCC 19.28.010 omitted, the section itself was expressly repealed. *See* King County Ordinance 9544, § 14 (Aug. 6, 1990). The new ordinance confirms the established practice that compliance with former KCC 19.28.010 was not necessary before a plat application was deemed fully complete.

Accordingly, we hold that the Council did not act arbitrarily and capriciously in determining that despite the absence of drainage plans described in former KCC 19.28.010, the LWE preliminary plat application was fully complete for purposes of satisfying RCW 57.17.033.

Affirmed.

WEBSTER, A.C.J., concurs.

BAKER, J. — I concur. The issue, as correctly set forth in the majority opinion, is whether submittal of a drainage plan and profile pursuant to the county ordinance (King

County Code 19.28.010) was a necessary element for a fully completed preliminary plat application under RCW 58.17-.033(2). This issue is a legal one. Our review is therefore properly de novo, to determine whether the county council's action was unlawful. RCW 58.17.180. *Cf. Franklin Cy. Sheriff's Office v. Sellers*, 97 Wn.2d 317, 325, 646 P.2d 113 (1982) (administrative procedure act), *cert. denied*, 459 U.S. 1106 (1983).

The 1987 enactment codified as RCW 58.17.033 clearly does require a fully completed preliminary plat application as a condition for applicability of the vested rights doctrine. The statute also clearly requires each local jurisdiction to set forth by ordinance its requirements for a fully completed application.

At the time of the county council's decision in this matter, King County had not adopted such an ordinance. That failure, however, does not prevent application of the vested rights doctrine under section .033(1) of the statute. The question of whether the application was fully completed was made more difficult in the absence of such an ordinance, but the task is not an impossible one. It requires an analysis of the county ordinances which had been adopted, and, where some ambiguity exists therein, consideration of the County's interpretation as exhibited by its practices under the ordinance in question.

Following that procedure on this record, I would hold, as did the county council, that the subject application was fully completed.

My sole difference with the majority, then, is over the proper standard of review. The arbitrary and capricious standard applies to discretionary decisions. *See Pentagram Corp. v. Seattle*, 28 Wn. App. 219, 228, 622 P.2d 892 (1981). The council's decision was not discretionary. It was rather a legal determination of whether the requirements of a county ordinance and state statute had been met. Our review is the same, and is therefore de novo.

Review denied at 119 Wn.2d 1006 (1992).