[No. 38506.    Department Two.    March 31, 1967.]

REBECCA JONES, as *Executrix, et al., Appellants,* v. THE
TOWN OF WOODWAY, *Respondent.**

*Hullin, Ehrlichman, Carroll & Roberts,* for appellants.

*Broz, Long & Mikkelborg, Jacob A. Mikkelborg,* and *Robert O. Wells, Jr.,* for respondent.

OTT, J.—The town of Woodway was incorporated in the year 1958 as a municipal corporation of the fourth class. On March 4, 1963, Rebecca Jones, executrix of the estate of Josine Erdevig, and Josine Stone filed a proposed plat with

*Reported in 425 P.2d 904.

the city council of Woodway. This plat subdivided Lots 1, 2, 3 and 4, each containing 2.5 acres in Olympic Park Addition to the town of Woodway, into 25 single residence lots of various sizes.

The town council and planning commission, after several public hearings, denied the request to adopt the plat submitted by the owners. In denying the proposed plat, they ordered that single residence properties in the area in question must contain at least one acre. After the town council refused to approve the proposed plat, the council adopted a zoning ordinance "consisting of text and map entitled 'Town of Woodway Comprehensive Plan'." (Ordinance No. 31.) The property here in question, together with 30 acres adjacent thereto, was zoned as R 43, requiring one acre or more for single residence properties. (Ordinance No. 34.)

Lots 1, 2, 3 and 4 of the Olympic Park Addition had been previously platted into 2.5 acre lots which conformed with a previous zoning ordinance requiring single residence lots to contain two or more acres. In a previous action commenced in the Superior Court for Snohomish County, Cause No. 73502, the court, on January 11, 1963, declared the two acre single residence zoning provision to be unreasonable and null and void in so far as it purported to zone this property. The decree further provided, "Nothing contained herein shall prohibit defendant [town of Woodway] from duly imposing new, reasonable zoning or other land use controls upon plaintiff's property." The town of Woodway did not appeal. (We narrate the facts as they relate to the Snohomish County Cause No. 73502, and the adjudication of the invalidity of the prior zoning ordinance only in so far as these facts have a bearing on the issues raised in this appeal.)

The owners of the Lots 1, 2, 3 and 4 of Olympic Park Addition March 13, 1964, sought in the Superior Court for Snohomish County in Cause No. 79088 a review of the council's refusal to approve their proposed plat, and on March 27, 1964, in Cause No. 79220, sought a review of the validity of the enactment of the town's zoning ordinances.

The two certiorari proceedings were consolidated for trial and heard by the court. On April 13, 1965, the court, after delineating the facts concerning which there was no controversy, entered *inter alia* the following findings of fact:

Defendant's land use controls, zoning one residence per acre density to tracts inclusive of plaintiffs' property, as heretofore enacted by defendant's ordinance designated No. 34, on April 6, 1964, was adopted pursuant to the enabling authority extended defendant by the State under pertinent provisions of RCW 35.63 and Article XI Section XI of the State Constitution. Finding of Fact No. 7.

Prior to enactment by the defendant of defendant's zoning ordinance designated No. 34, defendant had duly enacted its comprehensive plan ordinance designated No. 31 which was posted with maps in at least three public places within the defendant town. No newspaper was printed and published in the defendant town, any time material herein, although the Edmonds Tribune published outside the town was generally circulated therein. Finding of Fact No. 8.

Defendant's one acre zoning, i.e. land use controls regulating not more than one dwelling per acre on the area inclusive of plaintiffs' tracts is in the public interest and for the public welfare and is not unreasonable and is

(1) consistent with the present use of the land in the northern and vicinal area of the defendant's town,

(2) consistent with the use of land lying east and south of plaintiffs' tracts,

(3) consistent with the general plan of the community of Woodway (defendant town) that the northern portion of defendant town be confined to suburban development on relatively large tracts,

(4) consistent with the desirability of having some land available near a large center of population for those who wish the benefits of semi-rural living, free from the distraction of urban living.

Defendant's one-acre zoning of the area inclusive of plaintiffs' tracts is a valid and reasonable exercise of defendant's legislative authority and discretion and is consistent with and promotes the public welfare in providing: (1) increased opportunity for rest and relaxation, (2) greater facilities for children to play upon the prem-

ises within such zoning and to be off the streets, consistent with a desire and opportunity by way of cultivation of flowers, shrubs, etc., consistent with the desire of many to be free from noise and traffic, and (3) for promotion in a broad sense of the general welfare by zoning some property within a reasonable distance of a large center of population where those who desire and can afford semi-rural living may do so. Finding of Fact No. 9.

Plaintiffs would realize more from sale of their tracts subdivided into lots smaller than one acre, nevertheless from the topography, size, location and character of plaintiffs' tracts and from the Court's view thereof and of the land in the area, subdivision into one-acre tracts in accordance with the defendant's zoning will not unreasonably deprive plaintiffs of the value of the land. Finding of Fact No. 10.

The one acre minimum lot size is not required by any consideration of sanitation disposal, or public safety.

Police facilities, soil percolation, and sewerage disposal facilities are adequate to support a density of three homes to the acre without hazard or harm. Finding of Fact No. 11.

The planning commission of the Town of Woodway disapproved the proposed subdivision of plaintiffs' land and found that the available water supply for plaintiffs' proposed subdivision was inadequate to serve said subdivision. The Court finds that the Olympic View Water District, which serves the general area, maintains a main pipeline along the main road which runs from the City of Edmonds south through Woodway. This pipeline is too far from plaintiffs' property to make the installation of a service line economically feasible unless the area between the pipeline and plaintiffs' property is also used by sufficient water users to warrant the expense of running a line. Said Olympic View Water District purchases water from the City of Seattle, and said district has sufficient water to serve three households per acre on plaintiffs' land. Finding of Fact No. 12.

Plaintiffs' property is situated on the northeast end of a ridge which extends north and south. To the west of the ridge is Puget Sound. To the northwest is the industrial area. To the east is a wooded valley. Plaintiffs' property is flat except at its north end, where it slopes north and

east. Exhibit 26 is hereby made a part of these Findings.— (aerial photo) Finding of Fact No. 13.

The location of the Union Oil Company facility north of plaintiffs' tracts, does not render plaintiffs' tracts inappropriate or unsuitable for the one-acre zoning enacted by defendant for its northerly area inclusive of plaintiffs' said tracts. Finding of Fact No. 14.

Prior to the valid enactment of any plan or zoning applying to plaintiffs' property the plaintiffs applied for preliminary approval of a plan for subdivision of their jointly platted property into 25 building sites. This application was filed March 4, 1963. At the time the Town did not have in effect any valid ordinance regulating the subdivision of land. Finding of Fact No. 15.

The plaintiffs' subdivision proposal, as submitted to defendant's Planning Commission, was properly and validly evaluated by defendant's Planning Commission and Town Council, and defendant validly and properly conducted public inquiry into the plaintiffs' subdivision proposal by hearings on January 29, 1964, February 26, 1964, concluded on March 18, 1964. Finding of Fact No. 16.

The actions of defendant's Planning Commission in conducting hearing and inquiry on the plaintiffs' application, as to the public use and interest to be served by plaintiffs' proposed subdivision, were properly limited to the statutory control standards enumerated by the State statute, to-wit: RCW 58.16. Finding of Fact No. 17.

Defendant's Planning Commission validly and properly denied plaintiffs' subdivision proposal on the basis of the public welfare factors as heretofore found. The reasonableness, in terms of public welfare and interest, to be served by the subdivision proposal, are equally applicable to platting as well as zoning, and the action of defendant's Planning Commission on the proposed plat was valid. Finding of Fact No. 18.

From a judgment of dismissal entered in accordance with the court's findings of fact and conclusions of law in these consolidated cases, the property owners have appealed.

On appeal, appellants assign error to the entry of the decree of dismissal and to the entry of the court's findings of fact enumerated above, except 11, 13 and 15.

Const. art 11, § 11 provides:

Any county, city, town or township may make and enforce within its limits all such local police, sanitary and other regulations as are not in conflict with general laws.

RCW 58.16.030 provides:

Whenever any land proposed to be platted, subdivided or dedicated is situate within the boundaries of any city or town of the state of Washington, the same shall be submitted for approval to the council . . . of such city or town: *Provided*, That whenever any such city or town has created a city or town planning commission, such city *or town planning commission shall have authority to take appropriate action thereon in lieu of the council* . . . on behalf of any such city or town. (Italics ours.)

RCW 58.16.060 provides:

The city, town, or county authority shall inquire into the public use and interest proposed to be served by the establishment of the plat, subdivision, or dedication. It shall see that appropriate provision is made in the plat or subdivision for streets and other public ways, parks, playgrounds, sites for schools and school grounds, and shall consider all other facts deemed by it relevant and designed to indicate whether or not the public interest will be served by the platting, subdividing, or dedication. If it finds that the plat, subdivision, or dedication makes appropriate provision for streets and other public ways, parks, playgrounds, sites for schools and school grounds, and that the public use and interest will be served by the platting, subdividing, or dedication, then it shall execute its written approval . . . .

RCW 58.15.110 provides, *inter alia*:

To effectuate the policy of this legislation, every legislative or planning authority charged with the duty of passing upon and giving or withholding approval of plats, subdivisions and dedications shall establish reasonable regulations, with the continuing right of amendment thereof, controlling the form of plats, subdivisions and dedications to be filed, the minimum width of streets and alleys, the minimum lot or tract area, street arrangement, provision for improvement of streets and public places

and for water supply, sewerage and other public services, dedications of parks, playgrounds and other public places.

■ Appellants assert that they had a vested right to have their proposed plat approved by the town of Woodway, contending that, at the time they filed the plat, the legislative authority for the town of Woodway had not adopted any valid platting regulations as provided by RCW 58.16.110. We do not agree.

When the approval of a proposed plat is sought, the legislature, by the enactment of RCW 58.16.060, has mandated the town authorities to "inquire into the public use and interest proposed to be served by the establishment of the plat . . . and shall consider all other facts deemed by it relevant and designed to indicate whether or not the public interest will be served by the plating . . . ." By virtue of the cited statute, the appellants acquired no right to have their property subdivided as they saw fit simply because they filed a plat.

By RCW 58.16.030, the legislature has further mandated that any plat "shall be submitted for approval to the council" and whenever a planning commission shall have been granted authority to take appropriate action thereon, the planning commission has authority to act in *lieu* of the council. Since it is evident from the quoted legislative enactments that a platter must seek approval of his plat from the town authorities, the discretionary power to disapprove a plat inheres in its statutory power to approve it.

Appellants contend that the adoption of platting rules and regulations is a jurisdictional prerequisite to the council's power to function on the merits or demerits of a proposed plat. Appellants further contend that since no such regulations had been previously adopted by the town of Woodway, the town council had no other alternative except to approve any plat which a platter might submit. RCW 58.16 grants discretionary power to the town authorities to consider all facts deemed by it relevant and designed to further the public interest in the adoption or rejection of a

plat. We find nothing in the provisions of RCW 58.16 which indicates that the approval of a proposed plat by the town council is mandatory in the absence of an ordinance defining the scope by which the exercise of the town council's discretion will be governed.

Appellants rely upon *State ex rel. Ogden v. Bellevue*, 45 Wn.2d 492, 275 P.2d 899 (1954); *Hull v. Hunt*, 53 Wn.2d 125, 331 P.2d 856 (1958); and *Pierce v. King Cy.*, 62 Wn.2d 324, 382 P.2d 628 (1963). We have reviewed each of the cited cases and find that they do not support appellants' contention that the town council must approve a plat in the absence of any ordinance establishing standards for platting. The town council by RCW 58.16 has statutory authority to exercise its discretion in the field of platting, without the necessity of adopting an ordinance proscribing the rules by which its discretion would be exercised.

We conclude that the trial court did not err in sustaining the council's refusal to adopt appellants' proposed plat.

In Snohomish County Superior Court by Cause No. 79220, appellants challenged the constitutionality of the one acre single residence zoning restriction contending (1) that ordinance Nos. 31 and 34 were not legally adopted, for the reason that the required statutory notice was not given prior to enactment, and (2) that the zoning restriction is unreasonable, and is an improper exercise of the town's police power.

As to (1), appellants contend that the town of Woodway, in adopting the ordinances here challenged, did not comply with the jurisdictional requirements of RCW 35.27.300 (town ordinances) and RCW 35.63.100 (zoning).

RCW 35.27.300 provides:

> Every ordinance shall be published at least once in a newspaper published in the town or, if there is no such newspaper, it shall be printed and posted in at least three public places therein.

RCW 35.63.100 provides in part:

> Before the recommendation of the initial plan to the municipality the commission shall hold at least one

public hearing thereon, giving notice of the time and place by one publication, in a newspaper of general circulation in the municipality . . . .

In this regard, the trial court found that notice of the adoption of ordinance No. 31 had been properly posted in three public places in the town as required by RCW 35.27.300, and that notice of the public hearing by the planning commission was duly published in the Edmonds Tribune, a publication of general circulation in the municipality in accordance with RCW 35.63.100.

The trial court, after weighing the conflicting evidence, found in findings of fact Nos. 7 and 8, quoted above, that the statutory procedural notices were given prior to the adoption of ordinance Nos. 31 and 34. The court held these ordinances to have been regularly adopted and in full force and effect. Our review of the record convinces us that the trial court's findings in this regard are supported by the evidence.

■ As to (2), we have consistently held that zoning by municipalities is a proper exercise of police power. *Lillions v. Gibbs,* 47 Wn.2d 629, 289 P.2d 203 (1955), and cases cited.

Was the one acre single residence zoning as provided in ordinance No. 34 a reasonable regulation, and does the regulatory restriction bear a substantial relationship to the public health, safety, morals or general welfare?

We have found no case in this state nor in any other state which holds that one acre residential zoning per se is an unreasonable regulatory restriction. Other jurisdictions have approved single residence zoning up to five acres per unit. *Levitt v. Village of Sands Point,* 6 N.Y.2d 269, 160 N.E.2d 501 (1959); *Simon v. Town of Needham,* 311 Mass. 560, 42 N.E.2d 516, 141 A.L.R. 688 (1942); *Flora Realty & Inv. Co. v. City of Ladue,* 362 Mo. 1025, 246 S.W.2d 771 (1952); *Levy v. Board of Adjustment of Arapahoe Cy.,* 149 Colo. 493, 369 P.2d 991 (1962); *Senior v. Zoning Comm'n of New Canaan,* 146 Conn. 531, 153 A.2d 415 (1959); *Cobble Close Farm v. Board of Adjustment of Township of Middle-*

*ton,* 10 N.J. 442, 92 A.2d 4 (1952); *Fisher v. Township of Bedminster,* 11 N.J. 194, 93 A.2d 378 (1952).

■ Whether a one acre single residence zoning restriction is reasonable and bears a substantial relationship to health, safety, morals and general welfare is a factual issue. The trial court resolved this issue in its finding of fact No. 9, quoted above.

We conclude that the one acre zoning restriction upon appellants' property is reasonable and that the regulation bears a substantial relationship to the health, safety, morals and general welfare of the town of Woodway.

■ Finally, appellants contend that since the town of Woodway did not appeal from the judgment entered in Snohomish County Cause No. 73502, in which the court struck down Woodway's prior zoning ordinance which provided for two acre single residence properties, the decision in that case is res judicata of the issue here presented. We do not agree. The court in the cited case invited the town of Woodway to impose new and more reasonable zoning restrictions. The new restrictions enacted by the town of Woodway were considered by the trial court and found to be reasonable.

Judgment is affirmed.

FINLEY, C. J., DONWORTH, HAMILTON, JJ., and BARNETT, J. Pro Tem., concur.

---

August 18, 1967. Petition for rehearing denied.