[No. 40046. Department One. August 28, 1969.]

WILLIAM J. BREUER *et al., Respondents,* v. EVERETT FOURRE *et al., Appellants.**

*Harold R. Koch, Fred D. Gentry,* and *Hugh Judd,* for appellants.

*Lynch & Lynch,* for respondents.

LEAHY, J.†—This case presents a single issue for our determination: Did the Thurston County Commissioners act

*Reported in 458 P.2d 168.

†Justice Leahy is serving as a justice pro tempore of the Supreme Court pursuant to Const. art. 4, § 2(a) (amendment 38).

arbitrarily and capriciously in refusing to approve a plat submitted by the respondents, William J. Breuer and Dean F. Norton?

On April 5, 1967, the respondents, land developers of an area called Driftwood Valley Camp, applied for approval of subdivision No. 3 of the camp. The appellants rejected the application, contending that the streets did not meet the minimum standards of 60 feet and that a bridge crossing the Deschutes River to the subdivision was not wide enough to permit 2-way traffic. Respondents then filed a complaint in superior court, asking that the court order the commissioners to accept the plat on the grounds that the said commissioners had acted arbitrarily and capriciously in not approving the plat. The order was granted by the lower court and the commissioners now appeal.

Based on the authority granted the board in RCW 58.16.040 the following ordinances were duly adopted in 1962 with regard to the platting of any land outside the corporate limits of any town or city of Thurston County:

18.08.010 *Streets and lots.* All streets shall have a minimum width of sixty feet unless otherwise directed by the county commissioners . . .

18.04.030 *Variances.* (a) Where the county commissioners find extraordinary hardship may result from strict compliance with those regulations, it may vary the regulations so that substantial justice may be done and the public interest secured; provided that such variations will not have the effect of nullifying the intent and purpose of the comprehensive plan or these regulations.

Subdivision No. 1 of the Driftwood Valley Camp was approved in August, 1963, and subdivision No. 2 was approved in February, 1964. Neither of these subdivisions met the requirement of the ordinance that the roads be at least 60 feet in width.

When subdivision No. 3 was later submitted for approval, a new board of county commissioners was in office, with only one commissioner, George F. Yantis, Jr., having been on the prior board which approved subdivisions No. 1 and No. 2. This new board rejected the subdivision No. 3 plat on the ground that not only were the roads of less than 60 feet

in width, but to gain access to it, one must cross over a bridge which, because of its limited width, could handle only 1-way traffic. Respondents contend that the board acted arbitrarily and capriciously in refusing to accept subdivision No. 3, particularly since the former board had approved the other two subdivisions.

■ Is the current board of commissioners to be denied the right to exercise a valid power given to it because, among other matters, a former board failed to exercise its right to impose certain restrictions? We think the answer is no. The current board was exercising a power given to it by statute and implemented by ordinance and such power cannot be denied the present board simply because former boards chose not to use it.

Specific legislative authority is given to county commissioners to set regulations of zoning and platting in RCW 58.16.040. *See also Jones v. Town of Woodway,* 70 Wn.2d 977, 425 P.2d 904 (1967).

■ In order for it to be shown that appellants acted in an arbitrary and capricious manner it must be shown that they acted willfully and unreasonably, without consideration and in disregard of facts or circumstances. *Lillions v. Gibbs,* 47 Wn.2d 629, 289 P.2d 203 (1955). Such is not the case in the matter before us. The restrictions cannot be said to be unreasonable in themselves and neither has the enforcement of these regulations by this commission been arbitrary and capricious. Since March, 1964 there have been only two occasions when the legal restrictions regarding the width of roads have been varied. Section 18.04.030 provides for variance of the restrictions when the commissioners determine that an extraordinary hardship may result from strict compliance.

The respondents here make no argument that an extraordinary hardship would result to them if subdivision No. 3 is not accepted as presently constituted. They only argue that the commissioners acted arbitrarily and capriciously in rejecting it.

We find that the legal restrictions and the enforcement of them by this commission constitute a reasonable exercise of

the county commissioners' power and that the respondents' argument has no merit.

 Respondents further argue that the commissioners' actions were arbitrary and capricious because none of the roads on the plat as submitted were dedicated to public use and that the commissioners have no right to restrict private lands by requiring public dedication of the roads thereon. Section 18.16.030 provides:

> The completed plat must contain a dedication which shall read as follows:
>
> "Know all men by these presents that we, the undersigned ————owners in fee simple of the land hereby platted, hereby declare this plat and dedicate to the use of the public forever, all streets, avenues, places and sewer easements or whatever public property there is shown on plat and the use thereof for any and all public purposes not inconsistent with the use thereof for public highway purposes; also, the right to make all necessary slopes for cuts or fills upon the lots, blocks, tracts, etc., shown on this plat in the reasonable original grading of all streets, avenues, places, etc., shown thereon."

Consequently, from the platting regulations above it is obvious that the respondents, in order to submit their plat and have it approved, must dedicate to public use the streets in the plat.

We hold that appellants have not acted arbitrarily or capriciously, but in accordance with their duly constituted authority.

The judgment of the trial court is hereby reversed.

HUNTER, C. J., WEAVER, HAMILTON, and NEILL, JJ., concur.