128 N.J. Super. 135 (1974)
319 A.2d 255
NEW JERSEY SHORE BUILDERS ASSOCIATION, A NONPROFIT CORPORATION OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
TOWNSHIP OF OCEAN IN THE COUNTY OF OCEAN, A MUNICIPAL CORPORATION OF NEW JERSEY, AND TOWNSHIP COMMITTEE OF THE TOWNSHIP OF OCEAN, A PUBLIC BODY CORPORATE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued April 1, 1974.
Decided April 29, 1974.
*136 Before Judges CONFORD, HANDLER and MEANOR.
Mr. Francis John Badach argued the cause for appellant (Messrs. Giordano & Halleran, attorneys).
Mr. Franklin H. Berry, Jr. argued the cause for respondents (Messrs. Berry, Summerill, Rinck & Berry, attorneys).
The opinion of the court was delivered by MEANOR, J.A.D.
*137 On December 13, 1973 the Township of Ocean adopted an ordinance which had the effect of suspending for six months or until June 13, 1974 the approval by its planning board of any major subdivisions or site plans for industrial development. Plaintiff, an association of builders active in the area, challenged the validity of this ordinance and appeals from an adverse summary judgment.
The existence of municipal power to enact a reasonable moratorium on certain uses while preparing and studying a new zoning ordinance is not open to question. Monmouth Lumber Co. v. Ocean Tp., 9 N.J. 64, 74 (1952); Deal Gardens, Inc. v. Loch Arbour Bd. of Trustees, 48 N.J. 492, 499 (1967) and cases therein cited, especially Campana v. Clark Tp., 82 N.J. Super. 392 (Law Div. 1964). Cf. Cappture Realty Corp. v. Elmwood Park Bd. of Adj., 126 N.J. Super. 200 (Law Div. 1973).
Plaintiff argues that these cases involved "interim" or "stop-gap" zoning and not a moratorium. While this is true, we believe that the distinction is without legal difference. It is clear that the purpose of interim zoning, as approved by our courts, is to halt development in certain uses temporarily until enactment of a new comprehensive zoning ordinance. That is precisely the purpose of the enactment challenged here and the power to promulgate such a temporary measure is "within the intent and purpose of the statutes relating to planning." Monmouth Lumber Co. v. Ocean Tp., supra, 9 N.J. at 75.
Alternatively, plaintiff urges that under the circumstances the ordinance in question is arbitrary and unreasonable. We are asked to so hold as a matter of law or at least remand the matter for trial of the issue. The ordinance is, of course, presumed to be valid and plaintiff has the burden of proving otherwise. Reisdorf v. Mayor, etc., Mountainside, 114 N.J. Super. 562 (App. Div. 1971).
The record reveals that defendant township is composed of approximately 20 square miles and a population of 2,222 according to the 1970 census. In 1971 and 1972, 401 new *138 lots were created by major subdivision, and in the first nine months of 1973 approximately 63 building permits had been issued. In October 1973 the municipality adopted a new master plan and is currently studying a proposed draft of a new zoning ordinance. It is estimated that the population of the township will double in the ensuing decade.
Under these circumstances the six-month moratorium on large scale residential and all industrial development is valid and plaintiff has failed to present prima facie proofs to the contrary. However, we refer to the admonitions set forth in Deal Gardens, Inc. v. Loch Arbour Bd. of Trustees, supra, 48 N.J. at 500, and add that any issues concerning the maximum length of time a moratorium such as this shall be permitted are not before us. In particular, we are expressing no opinion as to the validity of an extension of the present ordinance after its expiration June 13, 1974.
We add that questions surrounding moratorium ordinances appear to be recurring ones and, therefore, the limits and standards applicable to such enactments are more appropriate for legislative action than the slow development that necessarily must accompany definition on a case by case basis.
Affirmed.