40969, 40970. HENDLEY et al. v. OVERSTREET et al.;
and vice versa.
(318 SE2d 54)

CLARKE, Justice.

This appeal concerns the title to and use of two lots in a subdivision known as the Isle of Armstrong. In 1952 R. E. Armstrong, the developer, recorded a plat of survey showing lots, lanes and streets in Chatham County. In 1954 he recorded a "Declaration of Restrictive Covenants" which included the following provision: "13. Lots Numbers Five (5) and Six (6) in said Subdivision have been and are hereby dedicated to the use of a park or recreational area for the benefit of the residents of said Subdivision and their guests." A second Declaration of Restrictive Covenants, identical to the first, was recorded in 1958.

After the lots in question were conveyed to an association and subsequently sold at a tax sale, owners of other lots in the subdivision sued the purchasers. The plaintiffs sought a declaratory judgment establishing their rights and an injunction to preserve those rights. The trial court granted relief and we affirm.

The appellants argue that the provisions of the Declaration of Restrictive Covenants do not affect their title. In doing so, they rely on their position as innocent purchasers without notice, the twenty-year limitation on certain restrictions and the extinguishment of appellees' rights by the tax sale.

The trial court found that those of the appellees whose title is derived from a deed containing a grant of right to use lots 5 and 6 enjoy an easement. It is well settled that when a subdivision contains an attraction such as a park or lake which renders the lots more desirable, the sale of lots in reference to a plat showing the attraction will create an irrevocable easement in such an area for the lot owners.

*Walker v. Duncan,* 236 Ga. 331 (223 SE2d 675) (1976). *Stanfield v. Brewton,* 228 Ga. 92 (184 SE2d 352) (1971). The rationale is that lot owners have paid a higher consideration for lots because of the presence of that attraction. We find that the same is true where the lot owners have purchased lots by deeds which make specific reference to the Declaration of Restrictive Covenants.

The finding of easements being held by the lot owners overcomes arguments of the appellants. The appellants are not innocent purchasers without notice because the recorded deeds and covenants are constructive notice. *McElwaney v. MacDiarmid,* 131 Ga. 97 (62 SE 20) (1908). The rights of appellees are not affected by the twenty-year statute because OCGA § 44-5-60 (b) deals with restrictions and not easements. Similarly, a tax sale does not extinguish an easement. *Smith v. Gwinnett County,* 248 Ga. 882 (286 SE2d 739)(1982).

We are left then with the question of which of the lot owners enjoys an easement. Some of the owners hold title under deeds which specifically grant an easement. Others hold title under deeds which make reference to the Declaration of Restrictive Covenants without specific words of conveyance of an easement. We interpret the trial court's order to make no distinction between these deeds. The absence of words of conveyance of an easement in some of the deeds is of no consequence because the Declaration to which the deeds refer expressly provides that the lots in question are dedicated to the use of the residents of the subdivision. If the deeds present a mystery, the reference to the Declaration is the key which unlocks it.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 2, 1984.

*Gannam & Gnann, J. Hamrick Gnann, Jr.,* for appellants.
*Cecil B. DeLorme, Eugene McCracken, Joseph O. Saseen,* for appellees.