[No. 7475–3–II.   Division Two.   February 5, 1986.]

THE CITY OF OLYMPIA, *Respondent,* v. CHRIS PALZER, ET AL, *Appellants,* EVERGREEN PARK HOME– OWNERS ASSOCIATION, *Respondent.*

*Chris Palzer* and *Bertil A. Granberg,* pro se.

*Mark O. Erickson, City Attorney,* for respondent.

WORSWICK, C.J.—We are asked to decide: (1) whether property sold at a tax sale passes to the buyer free of restraints on ownership imposed by a city ordinance; and (2) whether such a tax sale invalidates use restrictions on the land imposed both by a city ordinance and by restrictive covenants. We hold invalid those portions of the ordinance purporting to restrict ownership and to impose use restrictions in perpetuity. We hold valid the use restrictions imposed by the restrictive covenants.

In 1969, Evergreen Park Homeowners Association, a land developer, established a planned unit development in Olympia by filing a plat and otherwise complying with the City's general ordinances on the subject. The plat contained restrictive covenants which, among other things, reserved tracts A through D as greenbelt open space.

Several years later, Evergreen Park asked the City to rezone the PUD to allow a shopping center. The City obliged by enacting ordinance 3776. It contained the following provision:

> [Tracts A through D are to] be maintained *in perpetuity* as natural landscaped open area, *owned by a property owners' association, municipal or state body, or by present property owners. . . .*[1]

(Italics ours.)

Evergreen Park failed to pay the 1976 property taxes on tracts A and D. The Thurston County treasurer foreclosed on the tracts, and in 1982 put them up for sale at public auction. Chris and Cathy Palzer were high bidders. The City asserted that ordinance 3776 prohibited the treasurer from selling the tracts to anyone not qualified to be owner as defined in the ordinance. The treasurer disagreed, and

---

[1]The restrictive covenants recorded with the plat contained substantially identical use restrictions. Ownership of those areas was not limited. The restrictions were to be effective for 25 years, automatically extended for two additional 10–year periods unless changed by two–thirds of the lot owners. The covenants were to run with the land.

completed the sale to the Palzers.

The Palzers later sold the tracts to a limited partnership, Olympic Properties, Ltd. The City then sued the Palzers and Olympic in Thurston County Superior Court, seeking rescission of both the tax sale and the Palzers' sale to Olympic. The Evergreen Park Homeowners Association intervened on the side of the City.

Both sides moved for summary judgment. The trial court upheld the tax sale to the Palzers, holding that city ordinances could not restrict county tax sales.[2] The court went on, however, to rescind the Palzers' sale to Olympic, holding that ordinance 3776 bound everyone but the county treasurer, and that the use restrictions in both the ordinance and the covenants continued to apply. The Palzers and Olympic appeal.

■ We agree with their first contention, that the restrictions on ownership imposed by the ordinance were invalidated by the tax sale. RCW 84.64 creates a comprehensive scheme under state law for foreclosing and selling property on which taxes are delinquent. RCW 84.64.080 gives the county treasurer explicit authority to sell such property at public auction, and requires him to sell to the highest bidder. Because the high bidders here, the Palzers, were not within the class of owners permitted by the ordinance, the ordinance conflicted with state law. Its ownership restrictions are void. *State v. Seattle,* 94 Wn.2d 162, 615 P.2d 461 (1980). The trial court thus correctly held that the sale to the Palzers was valid.

It erred, however, in holding that the resale was invalid. This holding ignored a further conflict between the ordinance and state law.

■ A tax sale under RCW 84.64 creates a new title, free and clear of all encumbrances. *Brown v. Olmsted,* 49 Wn.2d 210, 299 P.2d 564 (1956); *Clippinger v. Birge,* 14 Wn. App. 976, 547 P.2d 871 (1976). There is only one exception: easements recorded before the property taxes become past due.

---

[2]That ruling is not appealed.

RCW 84.64.460. This exception simply does not apply here.[3] Again, the ordinance must yield in the face of this irreconcilable conflict with state law.

We disagree, however, with the contention by the Palzers and Olympic that the use restrictions in the restrictive covenants were extinguished by the tax sale. They survived and are valid and enforceable.[4]

This issue is one of first impression in Washington, and neither side has supplied us with any helpful authority. Our research has disclosed only two cases, both of which hold that restrictive covenants constitute easements that are not cut off by a tax foreclosure sale. *Hendley v. Overstreet,* 253 Ga. 136, 318 S.E.2d 54 (1984); *Halpin v. Poushter,* 59 N.Y.S.2d 338 (N.Y. Sup. Ct. 1945). We now so hold. This result is consistent with common sense and sound policy. It is self–evident that restrictive covenants that run with the land are intended to burden as well as to benefit all tracts to which they apply. Invalidating them as to any tract sold for a tax delinquency would result in adversely affecting the value of all other tracts to which they are subject. This is untenable. *See* 5 R. Powell, *Real Property* ¶ 679[4] (1981).

Finally, we agree with the Palzers and Olympic that the

---

[3]The City attempts to justify the ordinance by asserting that its ownership restraints are less restrictive than those contained in a public dedication, which has been held valid. *See Breuer v. Fourre,* 76 Wn.2d 582, 458 P.2d 168 (1969) (city can require landowner, as condition to rezoning, to dedicate part of his or her property to the public). The City contends that because cities may lawfully require dedications as a condition to rezoning, it follows that it may enforce this less drastic means of preserving the property for public use. This contention overlooks the crucial difference between a public dedication and this ownership restriction. Once a landowner dedicates property to the public, he or she no longer has any responsibility to maintain it or pay taxes on it. All such responsibilities fall on the City. The City cannot have the benefits of a dedication without assuming its burdens.

Our research has failed to disclose a single case within the 50 states in which a court has upheld a zoning ordinance restraining alienation.

[4]They primarily attack the ordinance. They dispose of the covenants by stating, without citation of authority, that covenants are no different from liens or mortgages. We do not reach the use restrictions in the ordinance, which in this respect simply duplicates the covenants.

City's attempt in the ordinance to extend duration of the use restrictions in perpetuity is invalid. A city ordinance is not a dedication or formal conveyance; its life is transient and at the mercy of the city's legislative body. This provision introduces an arbitrary uncertainty by purporting to supplant restrictive covenants having a minimum life of 25 years. Those covenants are sufficient to satisfy any conceivable interest the City has in preserving greenbelt open space in this PUD. Therefore, we hold that the attempt in this ordinance to make such use restrictions perpetual has no legitimate purpose and is an invalid exercise of the City's police power. *Duckworth v. Bonney Lk.,* 91 Wn.2d 19, 586 P.2d 860 (1978).

We affirm in part and reverse in part, as detailed herein.

REED and PETRICH, JJ., concur.

Reconsideration denied March 31, 1986.

Review granted by Supreme Court June 3, 1986.