C.R. JOHNSON COMPANY INC.; Kimco Group LLC; Charles R. Johnson, husband; Kim M. Johnson, wife, Plaintiffs–Appellants,

v.

CITY OF SELAH, Defendant–Appellee.

No. 06–35228.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 19, 2007.

Filed Oct. 29, 2007.

Dennis D. Reynolds, Esq., Alan Scott Middleton, Esq., Davis Wright & Tremaine, LLP, Seattle, WA, for Plaintiffs–Appellants.

Michael Barry Tierney, Esq., Mercer Island, WA, for Defendant–Appellee.

Before: D.W. NELSON, BEAM *, and RYMER, Circuit Judges.

* The Honorable C. Arlen Beam, Senior United States Circuit Judge for the Eighth Circuit,

## MEMORANDUM **

C.R. Johnson appeals from the district court's order granting summary judgment for the City of Selah ("the City"). We affirm.

### A. Inverse Condemnation

■ The district court did not err by holding that there was no genuine issue of material fact as to whether the City's actions constituted a compensable taking. The Washington State Constitution provides that "[n]o private property shall be taken or damaged for public or private use without just compensation having been first made." WASH. CONST. art. I, § 16. An inverse condemnation action occurs when a party seeks to "recover the value of property which has been appropriated in fact, but with no formal exercise of the power of eminent domain." *Phillips v. King Cty.*, 136 Wash.2d 946, 968 P.2d 871, 876 (1998). A property owner is entitled to compensation where the governmental action deprived the property owner of a valuable right. *Manufactured Hous. Communities of Wash. v. State*, 142 Wash.2d 347, 13 P.3d 183, 193 (2000).

C.R. Johnson argues it had a vested right to develop the property using a water booster pump. Under Washington's vested rights doctrine:

A proposed subdivision of land ... shall be considered under the subdivision or short subdivision ordinance, and zoning or other land use control ordinances, in effect on the land at the time a fully completed application for preliminary plat approval of the subdivision ... has been submitted to the appropriate county, city, or town official.

sitting by designation.

WASH. REV.CODE § 58.17.033(1). A developer has the vested right to have his application processed under the regulations in effect at the time the complete permit application is filed, regardless of subsequent changes in the law. *Thurston Cty. Rental Owners Ass'n v. Thurston County*, 85 Wash.App. 171, 931 P.2d 208, 214 (1997). The doctrine is supported by interests of fairness and certainty. *West Main Assocs. v. City of Bellevue*, 106 Wash.2d 47, 720 P.2d 782, 785 (1986). "What vests is the applicant's right to have the preliminary plat application considered under the zoning ordinances and procedures existing at the time the applications should have been acted upon." *Norco Constr. Inc. v. King County*, 29 Wash.App. 179, 627 P.2d 988, 995 (1981). A municipality should act as an administrative rather than legislative body in reviewing applications, making decisions based on previously adopted standards. *Id.* However, it retains some discretion in deciding whether to approve an application. *Jones v. Town of Woodway*, 70 Wash.2d 977, 425 P.2d 904, 908–09 (1967) ("[t]he discretionary power to disapprove a plat inheres in its statutory power to approve it.").

Washington law also demands that cities make written findings regarding whether an application comports with public health, safety, and general welfare. WASH. REV. CODE § 58.17.110(2). Public safety is a municipality's paramount concern. *See, e.g., Hass v. City of Kirkland*, 78 Wash.2d 929, 481 P.2d 9, 10–11 (1971) ("There is no such thing as an inherent or vested right to imperil the health or impair the safety of the community.") (quoting *Seattle v. Hinckley*, 40 Wash. 468, 82 P. 747, 748 (1905)).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

In 1999, C.R. Johnson's rights vested to a regulatory scheme that neither forbade nor required the City to approve an application using a water booster pump, but allowed the City to exercise its reasonable discretion on behalf of public welfare and safety. The City previously approved two plans using water booster pumps, but the "doctrine vests no right in previous favorable decisions on other applications." *Citizens for Responsible and Organized Planning (CROP) v. Chelan Cty.*, 105 Wash. App.753, 21 P.3d 304, 307 (2003).

A municipality has the latitude to consider the impact of growth on its public utility systems. *See* WASH. REV.CODE § 58.17.110(2); *Hass*, 481 P.2d at 10–11. The City held public hearings, sought expert opinions, and engaged in multiple conversations regarding the feasibility of this plan. Despite split expert opinions on the wisdom of installing booster pumps, the evidence does not sufficiently demonstrate that the City overstepped its authority and impermissibly interfered with the developers' use of this property. Even if C.R. Johnson is correct in stating there was no shortage of water storage capacity, the City presented evidence of serious concerns about reliability, costs, and fire flow requirements. The City was legitimately worried about supplying water and services to new developments. It passed a moratorium on building while it addressed these issues and worked towards constructing a new reservoir. C.R. Johnson did not take any action to contest the legality of the moratorium throughout its duration. In 2000, the City implemented its Comprehensive Water Plan, clearly stating its discomfort with development at high elevations. The record does not show that the City acted outside of the bounds of its authority in denying C.R. Johnson's application or instituting a temporary moratorium on building. Accordingly, C.R. Johnson fails to create a genuine issue of material fact on whether the City violated its rights in a way that warrants compensation.

## B.   Wash. Rev.Code Ch. 64.40

■ The district court properly granted summary judgment denying C.R. Johnson's statutory claim. Under Washington law, a property owner may recover damages from acts of a city which are "arbitrary, capricious, unlawful, or exceed lawful authority." WASH. REV.CODE § 64.40.020(1). Conduct that is unlawful or exceeds lawful authority is actionable if a city knew or should reasonably have known such conduct was unlawful. *Id.* This section defines an "act" as a "final decision by an agency which places requirements, limitations, or conditions upon the use of real property in excess of those allowed by applicable regulations in effect on the date an application for a permit is filed." WASH. REV.CODE § 64.40.010(6).

The evidence does not create a genuine issue of fact on whether the City is liable under this section. C.R. Johnson fails to present sufficient evidence that the City's decision making was arbitrary or capricious. The City did not unlawfully deprive C.R. Johnson of its vested rights or take property without just compensation. The City acted within its discretionary powers in denying the developers' applications.

### CONCLUSION

For the foregoing reasons, the district court properly entered summary judgment for the City of Selah.

AFFIRMED.